Eastern District of Kentucky
FILED
MAY 6 - 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON
CRIMINAL ACTION NO.: 03-19-DLB
CIVIL ACTION NO.: 05-60-DLB

UNITED STATES OF AMERICA,           PLAINTIFF

V.

LEONARD STEVENS,           DEFENDANT

### REPORT AND RECOMMENDATION

Leonard Stevens, defendant, an individual currently incarcerated at the Federal Medical Center in Lexington, Kentucky, filed this *pro se* motion pursuant to 28 U.S.C. §2255 to vacate his federal conviction and sentence on a conviction relating to his manufacture and distribution of methamphetamine. Defendant's motion has been referred to the undersigned for initial consideration and for a report and recommendation pursuant to 28 U.S.C. § 636(b).

The United States recently moved for an extension of time in which to file a response to the defendant's motion. For the reasons explained herein, the motion of the United States will be denied as moot by separate order.

### I. Preliminary Review

Rule 4 of the *Rules On Motion Attacking Sentence Under Section 2255* provides for preliminary review by the court prior to serving the United States with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the motion...that the moving party is not entitled to relief, the judge

1

must dismiss the motion and direct the clerk to notify the moving party." Although this court initially directed the United States to file a response, additional preliminary review by this court mandates dismissal of the motion without requiring a response by the United States.

Plaintiff pleaded guilty pursuant to a plea agreement, and was sentenced on April 2, 2004 to one hundred thirty-two months imprisonment on Count 1, to be followed by ten years of supervised release. The remaining counts of the six-count indictment were dismissed pursuant to the plea agreement. Plaintiff did not appeal his conviction or sentence. Instead, plaintiff filed this motion to vacate his conviction on March 28, 2005, alleging as a sole basis for his motion the recent decisions by the United States Supreme Court in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738, 749 (2005).

## II. ANALYSIS

### Waiver Applies

A motion brought pursuant to 28 U.S.C. §2255 is a collateral attack on a conviction. The defendant expressly waived his right to collaterally attack his conviction and sentence in his written plea agreement [DE #52, Exh. 2, ¶16]. Therefore, absent exceptional circumstances, the defendant's present § 2255 motion is barred by the express terms of his plea agreement.

A waiver is a "relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725 (1993). Even a constitutional right may be waived, as long as a defendant did so by knowingly and voluntarily entering into a plea agreement. *United*

2

*States v. Ashe*, 47 F.3d 770, 775-6 (6th Cir. 1995), *cert. denied,* 516 U.S. 850 (1995). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collateral attack bars such relief. *See Davila v. United States,* 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *Hunter v. United States*, 106 F.3d 1109, 1113 (6th Cir. 1998).

### Blakely Does Not Apply

Even if the defendant had not explicitly waived his right to bring the instant motion, dismissal would be appropriate because the defendant's sole basis for relief is without merit. The defendant seeks application of the rule first announced in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and recently made applicable to the Federal Sentencing Guidelines in *United States v. Booker*, 125 S. Ct. 738, 749 (2005).

In *Blakely,* the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. Despite the recent extension of the *Blakely* principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in *Booker* that the new rule cannot be applied retroactively to cases on collateral review.

In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *accord McReynolds v.*

3

*United States*, 397 F.3d 479 (7th Cir. 2005)(*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005); *see also In re Andersen*, 396 F.3d 1336(11th Cir. 2005). As this court is bound by -and in full agreement with - the recently published *Humphress* decision, *Blakely* and its progeny cannot be applied retroactively on collateral review and provide defendant with no grounds for relief from his conviction and sentence.

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED THAT** the defendant's motion to vacate his conviction and sentence [DE #52] be **dismissed** pursuant to Rule 4 of the Rules Governing §2255 proceedings, without the necessity of awaiting a response from the United States.

**OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy. Fed. R. Civ. P 72(b).

This the __6__ day of May 2005.

J. Gregory Wehrman
United States Magistrate Judge

4