UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

**CRIMINAL ACTION NO. 03-19**
**CIVIL ACTION NO. 05-60**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**vs.**                                               **ORDER**

**LEONARD B. STEVENS**                                                    **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. #52) Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman for the purpose of reviewing the motion and preparing a Report and Recommendation (R&R). After reviewing the issues raised by Stevens, the Magistrate Judge's R&R of May 6, 2005 (Doc. #57) recommended that Defendant's motion be denied.

Defendant has not filed any formal objections to the R&R. Defendant did move for an extension of time to amend his § 2255 motion to assert new grounds for relief other than the *Blakely/Booker* claim he originally asserted. (Doc. #58) The Magistrate Judge subsequently denied this motion by Order of May 17, 2005 (Doc. #59), essentially because any purported amendment would be futile, since the plea agreement executed by Defendant included a complete waiver of his right to file a § 2255 motion. The Magistrate Judge's Order also extended the deadline for Defendant to file his objections to the R&R. (*Id.*)

Defendant instead moved for reconsideration of his request to supplement his § 2255 motion. Defendant submits that he should be permitted to argue that his plea agreement is voidable based upon claimed inconsistency between his understanding of and the Government's position pertaining to sentence 2 of paragraph 11 of his plea agreement, which provision relates to the Government not opposing Defendant's arguments to be sentenced at the low end of the guidelines. The Magistrate Judge also denied this motion, for two reasons. (Doc. #61) One, the so-called inconsistency Defendant now claims he should be entitled to raise is contradicted by his own explanation of his interpretation of the plea agreement that was set out in his original § 2255 motion. And, two, the lack of any arguably meritorious basis being asserted by Defendant on which to challenge his waiver of his right to file a § 2255 motion. (*Id.*)

Having reviewed the Magistrate Judge's exhaustive and well-reasoned R&R, as well as his consideration and analysis of Defendant's two motions for leave to amend his § 2255 motion, the Court concurs with the result recommended by the Magistrate Judge. The R&R should be adopted in full and the motion to vacate and set aside sentence should be denied. Moreover, nothing in the two subsequent requests seeking leave to supplement the original motion alters the Court's decision. Accordingly,

**IT IS ORDERED AND ADJUDGED as follows:**

(1) That the Magistrate Judge's Report and Recommendation (Doc. #57) is hereby **adopted** as the findings of fact and conclusions of law of the Court;

(2) That Defendant's Motion to Vacate, Set Aside or Correct Sentence (Doc. #52) is hereby **denied;**

(3) That for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, that no certificate of appealability should issue; and,

(4) That this matter is hereby **dismissed, with prejudice,** and stricken from the Court's docket.

This 28th day of June, 2005.

Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\CovCrim\2003\3-19-MotionToVacate.wpd